**Petition for Writ of Mandamus Denied and Memorandum Opinion filed October 6, 2011.**



In The

# Fourteenth Court of Appeals

_____

**NO. 14-11-00826-CR**
**NO. 14-11-00827-CR**

_____

**IN RE VICTOR J. TUGWELL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1219410 & 1219411**

---

## M E M O R A N D U M    O P I N I O N

On September 22, 2011, relator filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator complains that respondent, the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, denied his motion to dismiss his attorney and appoint new counsel to represent him in his pending cases for intoxication manslaughter and intoxication assault.

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

Relator has not provided this court with a copy of the motion about which he complains. It is relator's burden to provide this court with a record sufficient to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); Tex. R. App. P. 52.3(k), 52.7(a). Moreover, the act that relator seeks to compel is not a ministerial act. *See King v. State*, 29 S.W.3d 556, 566 (Tex. Crim. App. 2000) (stating that a trial court has discretion to determine whether an attorney should be allowed to withdraw).

Accordingly, we deny relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Anderson and Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).